# William H. Cottingham *et al.*

*v.*

# Riley V. Owens *et al.*

1. MISJOINDER OF PLAINTIFFS. Where a written contract was executed in the name of one of the plaintiffs by another of the plaintiffs, and the proof was, that, although in form it was in the name of the one, it was, in fact, executed for all the plaintiffs, and money was paid by the plaintiffs on the contract to the defendant, and the defendant made default in performing his part of the contract, it was *held,* that, notwithstanding the form of the contract, the plaintiffs were properly joined in a general *indebitatus assumpsit* count to recover the money advanced.

2. CONTRACT—*of readiness and willingness to perform.* Where a party is, by the terms of a contract, required to pay money upon performance by the other party, and he is ready and willing to give his check for the money, and he has the money in the bank, and that has been the usual mode of making payments of money between the parties, and the party who is to receive the money makes no objection to the check, these facts show a sufficient readiness and willingness to comply with the contract by the one party to entitle him to recover for non-performance by the other.

3. INSTRUCTION. Even if the court instructs the jury as to the amount of their verdict, in such a way as ignores a plea and claim of set-off, yet, if it appears, from the evidence, that the finding of the jury was not too much, even if they had allowed all the set-off proved, the instruction will form no ground of error.

APPEAL from the Circuit Court of DeWitt county; the Hon. LYMAN LACEY, Judge, presiding.

Messrs. MOORE & WARNER, for the appellants.

Mr. E. H. PALMER, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of assumpsit, brought by Owens, Strain. Peck and Barber, the appellees, against Cottingham and Lake. the appellants, to recover $400 claimed to have been paid by the former to the latter. upon a certain contract for the sale of hogs. made between the parties, and which appellants had refused to execute. The plaintiffs recovered a verdict and judgment for $481.14, and the defendants appealed.

It is first objected that there is no right of recovery, because of the misjoinder of plaintiffs. The contract under which the money was paid was in writing, commencing thus: "Article of agreement entered into by and between Lake and Cottingham, of the first part, and Strain and Owens, by Barber and Peck, second part," and is signed "Strain and Owens, per Peck and Barber;" and it is insisted the suit should have been in the names of Strain and Owens alone.

The action is not brought upon the contract, but for money had and received, the declaration containing simply a general *indebitatus assumpsit* count. The proof was, that Barber entered into the contract for the plaintiffs; that the plaintiffs received the first 100 hogs and paid for them, and that the plaintiffs paid the money sued for. We are of opinion that, under the evidence, the action for money had and received may be maintained in the name of the plaintiffs, notwithstanding the form in which the contract was entered into.

The breach of contract claimed is, in not delivering, on January 3, 1870, 100 hogs of the weight and quality required by the contract. The full number of hogs appellants offered to deliver, but appellees refused to accept them, because they did not meet the requirement of the contract. And appellants next insist that the clear preponderance of evidence was, that the hogs tendered were of the required weight and

quality.   The testimony in this respect was conflicting, and we do not think the finding of the jury upon the point should be disturbed.

It is next objected that the evidence fails to show that the appellees were ready and willing to comply with their part of the contract on January 3, 1870, in paying the money they were required to pay on that day, because Owens testified that he had no money with him at the time, but was ready and willing to give his check.   He testified that he had been in the stock business twenty years; that it was his habit of paying for stock in checks, since they had a bank; that he did not carry much money with him; that his checks had never been refused; that he had plenty of money in the bank, and was ready to deliver to appellants a check for the amount due them; that no objection was made to a check, the only difficulty was about the weight and quality of the hogs.   The $400 advanced on the contract, and here sued for, had been paid in a check.   The first 100 hogs were paid for by a check.   Payments are not infrequently made in that mode.

We are of opinion the proof shows a sufficient readiness and willingness to pay the money.

An instruction was given for the plaintiffs that, if the jury believed, from the evidence, that the defendants received of the plaintiffs $400 on the 24th of November, 1869, on the contract, and that the defendants broke the contract, they would find for the plaintiffs that amount, with interest from the time of the breach.   It is objected, that the instruction was erroneous, in this, that it disregarded the defendants' plea and claims of set-off, which claims were proved, of $4 money loaned, and for corn fed to a portion of the hogs.

The breach of contract was January 3, 1870.   The verdict was rendered August 29, 1873.   The $400, with interest from the time specified, would have amounted to $487.72.   The verdict was for $481, so that the amount of the money advanced,

with interest, was not allowed by the jury, by a sum exceeding that of the item for money loaned.

The hogs to which the corn was fed were retained by the defendants, and afterwards sold by them, so that the corn was fed to their own hogs, and of which they got the sole benefit. This was no just item of set-off. The instruction forms no ground of error.

Perceiving no error in the record, the judgment is affirmed.

*Judgment affirmed.*